[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON SETTING ASIDE DEFAULT AND RESTORING TO THE TRIAL LIST
This is a slip and fall case which has had two dormancy dismissals, one on June 16, 1995 and one on December 29, 1996. The last one was reopened following a Motion to Open Judgment of Dismissal filed on April 25, 1997 by the plaintiff. The case was claimed for a hearing in damages on December 10, 1997. The defendant had been defaulted on June 14, 1995 for failure to appear. An uncontested hearing in damages was held on June 5, 1998. On June 12, 1998 an appearance was filed on behalf of the defendant together with a Motion to Stay Proceedings. On June 23, 1998 the defendant filed a Motion to Set Aside Default or to Reopen the Hearing in Damages. This Motion was heard on August 13, 1998 following which the defendant was granted permission to CT Page 15233 file a brief addressing the damages issue.
The defendant's brief was filed on September 18, 1998 together with a Motion for Rehearing or in the alternative acceptance by the court for its consideration additional medical records as necessary evidence. The plaintiff filed a brief in opposition on October 27, 1998. The defendant filed a reply to plaintiff's opposition on October 23, 1998. On November 4, 1998 following a hearing on the motion the court accepted the additional medical records as necessary evidence.
During the course of the hearing in damages the plaintiff put in evidence medical records and medical reports. There was no medical testimony. Following the November 4, 1998 ruling this court began the lengthy process of going through the medical records in evidence.
The slip and fall in issue in the instant case took place on January 23, 1992 on the exterior stairway landing and adjoining walkway, common areas of the apartment complex in which the plaintiff was a tenant. The plaintiff had suffered an earlier slip and fall on January 25, 1990 in the parking lot of the school where he was a teacher. The 1990 fall was work related and thus covered under a worker's compensation claim.
Until March of 1998 all medical records in evidence, numbering in excess of 80, reference only the January 25, 1990 accident beginning with Dr. Raycroft's report of February 16, 1990. The first mention of the January 23, 1992 accident was in the report of Dr. Zachs dated March 16, 1998 which states, "He first began having tinnitus and hearing loss following a head injury in 1990. He again fell, striking his head in 1992 and was somewhat worse. The second mention of the January 23, 1992 accident appears in the May 4, 1998 letter of Dr. Sheldon Gross to plaintiff's attorney. None of Dr. Gross's reports beginning with his report of August 25, 1992 reference the January 23, 1992 fall. Dr. Gross's letter was written some six years after his last office visit of record, November 6, 1992. The history given Dr. Gross by the plaintiff when he first saw Dr. Gross on August 25, 1992, was that on January 25, 1990, he slipped on some ice and fell on his left arm and shoulder. Dr. Gross's letter of May 4, 1998 states that "Mr. McCann reported that on January 23, 1992 he slipped and fell. The patient stated that his additional symptoms began within a short time after his January 23, 1992 accident." There is nothing in Dr. Gross's medical reports or CT Page 15234 billing statements for the period from August 20, 1992 through November 6, 1992, the last recorded time Dr. Gross saw the plaintiff, reflecting this additional history referenced by Dr. Gross in his letter of May 4, 1998.
Dr. Gross's May 4, 1998 letter is the only document in evidence referring to the January 23, 1992 fall, which connects the tinnitus condition to the January 23, 1992 fall. It is one of only two documents both dated 1998 which even refer to the 1992 fall.
The first recorded visit with a doctor after the January 23, 1992 fall is on April 14, 1992 almost three months later. At this visit the doctor was not told about the 1992 fall. The plaintiff's testimony during the hearing in damages was that he did not tell his doctors about the 1992 fall because he carried no medical insurance.
It appears further that another insurance carrier for the defendant took over the file on April 25, 1997 and shortly thereafter made contact with plaintiff's attorney to determine the status of the dormancy dismissal. The carrier was told the case still stood with the dormancy dismissal. There is no indication that the carrier was made aware of Dr. Gross's letter of May 4, 1998.
It is this court's opinion that justice will be best served by setting aside the default allowing the defendant to answer the complaint and proceed to a full trial on the merits both as to liability and damages. Accordingly the default is set aside and the case is restored to the trial list.
Hennessey, J.